UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-3829-CAS (OP)** | Date | **November 8, 2011** |
|---|---|---|---|
| Title | **Dominic Lucero v. B. M. Cash, et al.** | | |

| Present: The Honorable | Christina A. Snyder, United States District Judge | | |
|---|---|---|---|
| Rita Sanchez | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**  IN CHAMBERS: MOTION FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER (ECF No. 39.)

# I.
# Proceedings

On June 23, 2010, Dominic Lucero ("Plaintiff") filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint").  (ECF No. 3.)  On June 10, 2011, the Court dismissed the Complaint with leave to amend.  (ECF No. 30.)  On July 14, 2011, plaintiff filed a First Amended Complaint ("FAC"), along with numerous supporting exhibits.  (ECF No. 33.)  On July 26, 2011, the Court ordered service of the FAC.  (ECF No. 35.)  On July 29, 2011, Brenda M. Cash (Warden of California State Prison, Los Angeles County ("CSPLAC")), T. Belavich (Health Care Manager), Paullette Finander (Chief Medical Officer), Junard Fitter (Primary Care Provider), and J. Thomas (Licensed Vocational Nurse) (collectively "Defendants") filed an Answer to the FAC.  (ECF No. 37.)  On August 25, 2011, the Court issued its Order Re: Discovery and Motions.  (ECF No. 40.)

On August 22, 2011, plaintiff filed Motion for Preliminary Injunction and/or Temporary Restraining Order, along with a supporting declaration and exhibits.  (ECF Nos. 39, 43.)  Defendants did not file an Opposition to plaintiff's Motion, nor did the Court order defendants to file an Opposition.[1]

---

[1] The Court notes that the current Motion and supporting declaration are nearly identical to the motion and supporting declaration filed prior to the dismissal of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3829-CAS (OP) | Date | November 8, 2011 |
|---|---|---|---|
| Title | Dominic Lucero v. B. M. Cash, et al. | | |

    The Court finds this matter suitable for decision without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons set forth below, the Court denies plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order.

## II.
## Discussion

### A. Legal Standard

    The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). The Ninth Circuit summarized the Supreme Court's recent clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009) ("Cal Pharm. I"). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

### B. Analysis.

    In the FAC, plaintiff alleges a First Amendment retaliation claim, an Eighth Amendment claim based on deliberate indifference to his serious medical needs, and a

---

original Complaint with leave to amend. (Compare ECF Nos. 26 at 34, 31 and ECF Nos. 39, 43.) Defendants did file an opposition to plaintiff's original motion. (ECF No. 29.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 10-3829-CAS (OP) | Date | November 8, 2011 |
|---|---|---|---|
| Title | Dominic Lucero v. B. M. Cash, et al. | | |

Fourteenth Amendment Substantive Due Process claim. (FAC ¶¶ 50-76.) The allegations supporting each claim will be summarized below.

### 1.   Likelihood of Success on the Merits

The Court screened the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A prior to ordering service thereof and determined that plaintiff had alleged sufficient facts to plausibly state claims for relief in order to survive a screening/Rule 12(b)(6) analysis. However, the Court's determination that plaintiff met the pleading requirements allowing him to proceed with the FAC does not entitle him to a preliminary injunction, as the screening analysis is not a determination on the merits of the claims alleged. As such, the Court considers plaintiff's likelihood of success on each of his claims below.

#### a.   Deliberate Indifference Claim

As to the deliberate indifference claim, plaintiff alleges that prior to his transfer to CSPLAC, prison doctors prescribed him a 90 milligram daily dosage of morphine for pain. Upon his arrival at CSPLAC on July 29, 2009, he was in full chemical withdrawal from having been denied his pain medication during his transfer. Plaintiff was then denied his medication for a period of twenty-four days, during which time he suffered a seizure. Plaintiff's prescription was renewed at a lower dosage of 15 milligrams daily after he filed administrative grievances, then discontinued for several months, and renewed again at the same lower dosage after he sought habeas relief in the state courts.[2]

---

[2] The Court's independent review of the California Courts' website reveals that plaintiff filed a petition for review in the California Supreme Court on November 19, 2010, case number S188336, raising the issue of defendants' alleged deliberate indifference to plaintiff's serious medical needs. On January 19, 2011, the Supreme Court denied the petition without comment. The Court takes judicial notice of the state appellate court records for plaintiff's case, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal civil proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3829-CAS (OP) | Date | November 8, 2011 |
|---|---|---|---|
| Title | Dominic Lucero v. B. M. Cash, et al. | | |

(FAC ¶¶ 12-49.)

In his Motion for Preliminary Injunction, plaintiff seeks to have his original 90 milligram daily dosage of morphine renewed. Alternatively, plaintiff seeks to be transferred to a different institution that will provide him with the appropriate medical care and keep him from being subjected to any retaliation by defendants. (ECF No. 43 at 2, Decl. of Dominic Lucero ("Lucero Decl.") ¶¶ 3, 10, 16-17.)

Plaintiff's allegations establish that he has suffered and is likely to continue to suffer injury if his pain medication is discontinued. However, there is no indication of any current threat that plaintiff's medication, albeit at the lower dosage, will be discontinued. Further, the exhibits attached to the FAC, which are referenced in the current Motion, i.e., Exs. C and G, establish that plaintiff filed administrative grievances seeking his previously prescribed 90 milligram daily dosage of morphine, which were denied on December 15, 2009, and April 27, 2010, after prison officials determined that he was being prescribed the appropriate medication for his condition and that his condition was being closely monitored by medical staff (Ex. C at unnumbered pp.), and that on June 23, 2010, in response to a state habeas petition plaintiff filed, the CDCR Receiver wrote a letter to a superior court judge indicating that a "Corrective Action Plan" had been developed to monitor plaintiff's pain management (Ex. G). As a result, the exhibits establish that plaintiff is being regularly monitored for pain and is being prescribed pain medication.

As to the appropriate dosage of morphine, plaintiff's allegations and exhibits evidence at most a difference of medical opinion, which is insufficient to establish a deliberate indifference claim. See Estelle v. Gamble, 429 U.S. 97, 105-07, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Since defendants have filed an Answer to the FAC denying plaintiff's allegations (ECF No. 37), the foregoing issues will be addressed at a later stage of the proceedings, either on summary judgment or at trial.

Accordingly, the Court finds that plaintiff has not demonstrated a likelihood of success on his deliberate indifference claim to warrant the issuance of a preliminary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3829-CAS (OP) | Date | November 8, 2011 |
|---|---|---|---|
| Title | Dominic Lucero v. B. M. Cash, et al. | | |

injunction.[3]

      b.    **Retaliation Claim**

As to the retaliation claim, plaintiff alleges that prison doctors retaliated against him for filing of administrative grievances by decreasing and discontinuing his morphine prescription multiple times and by issuing a false disciplinary infraction against plaintiff. (FAC ¶¶ 12-49.)

A retaliation claim for exercising rights under the First Amendment has "five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

---

[3] In order to establish a Substantive Due Process claim, a plaintiff is ordinarily required to prove that a challenged government action was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Euclid v. Ambler Realty Co., 272 U.S. 365, 395, 47 S. Ct. 114, 71 L. Ed. 303 (1926); Bateson v. Geisse, 857 F.2d 1300, 1303 (9th Cir. 1988). However, "[w]here a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims'." Albright v. Oliver, 510 U.S. 266, 273-74, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (Rehnquist, C.J., for plurality) (quoting Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). Since plaintiff's Substantive Due Process claim is based on the same allegations supporting his Eighth Amendment deliberate indifference claim, consideration of only the deliberate indifference claim is appropriate. See Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (generalized notion of substantive due process is unavailing where another amendment provides explicit protection against a particular sort of government action), overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian, 491 F.3d 1086 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3829-CAS (OP) | Date | November 8, 2011 |
|---|---|---|---|
| Title | Dominic Lucero v. B. M. Cash, et al. | | |

Cir. 2005). "[A] threat of retaliation is [an adverse action] if made in retaliation for an inmate's use of prison grievance procedures." Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009) (citing and quoting Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994)). Since defendants have filed an Answer to the FAC denying plaintiff's allegations (ECF No. 37), these issues will be addressed at a later stage of the proceedings, either on summary judgment or at trial.

Accordingly, the Court finds that plaintiff has not demonstrated a likelihood of success on his retaliation claim to warrant the issuance of a preliminary injunction.

### 2. Threat of Irreparable Injury

Plaintiff contends that as a result of the denial and reduction of his pain medication, he is suffering continued physical and mental pain, is at increased risk to his compromised immune system due to his AIDS diagnosis, and could suffer permanent damage to his mobility. (ECF No. 43 at 4, Lucero Decl. ¶ 9.) Although plaintiff alleges he was denied his pain medication for twenty-four days upon his arrival at CSPLAC and that he later had his medication reduced, there is no indication that his medication, albeit at the lower dosage, is currently being discontinued.

Further, neither the exhibits attached to the current Motion nor the exhibits attached to the FAC, which are referenced in the Motion, i.e., Exs. C, G, supports his claim of irreparable harm. The exhibits attached to the current Motion consist of an administrative grievance that was partially granted on June 26, 2009, prior to his transfer to CSPLAC, noting his previous prescription for 90 milligrams of daily morphine for pain (ECF No. 43 Ex. A), a neurologic consultation done on May 5, 2010, which diagnosed plaintiff with AIDS-related polyneuropathy and mixed seizure disorder (id. Ex. B), and a chapter of CDCR policies related to the health care transfer process of inmates (id. Ex. C). As set forth above, the exhibits attached to the FAC consist of administrative grievances filed seeking increased dosages of morphine, which were denied, and a "Corrective Action Plan" issued by the CDCR Receiver in response to plaintiff's state habeas petition. These exhibits establish plaintiff's medical diagnoses and confirm the existence of his previous prescription for morphine. However, they do not establish that plaintiff is at increased risk to his compromised immune system nor that there exists a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3829-CAS (OP) | Date | November 8, 2011 |
|---|---|---|---|
| Title | Dominic Lucero v. B. M. Cash, et al. | | |

threat of permanent damage to his mobility if he is not prescribed 90 milligrams of morphine per day. Furthermore, there is no evidence of any likelihood that plaintiff's morphine prescription will be further reduced or discontinued such that plaintiff's alleged future injury is merely speculative. See Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) (holding that a speculative injury does not justify a finding of an immediate threat of irreparable harm).

Accordingly, the Court finds that plaintiff has not demonstrated a sufficient likelihood that he will suffer irreparable harm to warrant the issuance of a preliminary injunction.

### 3. Balance of Equities and Public Interest.

The Court acknowledges that the physical pain and suffering that plaintiff would endure if deprived of his medication, when balanced against the expense of providing plaintiff with the appropriate dosage of morphine, would tip the equities in his favor. The Court further acknowledges that the public interest would be served by providing appropriate medical care to inmates who have no other way of obtaining healthcare. However, as stated above, there is no evidence of a threat that plaintiff's medication will be further reduced or discontinued. Further, the exhibits establish that plaintiff is being regularly monitored for pain and is being prescribed pain medication. As to the appropriate dosage, plaintiff's allegations at most show a difference of medical opinion, which is insufficient to establish a deliberate indifference claim. Finally, plaintiff has failed to establish that he is at increased risk to his compromised immune system or that of permanent damage to his mobility if he is not prescribed with his desired 90 milligram daily dosage of morphine.

Accordingly, the Court finds that the balance of equities do not tip sharply in plaintiff's favor and that the public interest would not be served by issuing the requested injunction.

### III.
### Conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | **CV 10-3829-CAS (OP)** | Date | **November 8, 2011** |
|---|---|---|---|
| Title | **Dominic Lucero v. B. M. Cash, et al.** | | |

      Based on the foregoing, the Court denies plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order. (ECF No. 43.)

**IT IS SO ORDERED.**

cc: All Parties of Record

                                                Initials of Preparer     RS