UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-3829-CAS (OP)** | Date | **May 14, 2012** |
|---|---|---|---|
| Title | **Dominic Lucero v. B. M. Cash, et al.** | | |

| Present: The Honorable | Christina A. Snyder, United States District Judge | |
|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS): REQUEST FOR RECONSIDERATION OF ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION (ECF No. 46.)

# I.
# Proceedings

On June 23, 2010, Dominic Lucero ("Plaintiff") filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). (ECF No. 3.) On June 10, 2011, the Court dismissed the Complaint with leave to amend. (ECF No. 30.) On July 14, 2011, plaintiff filed a First Amended Complaint ("FAC"), along with numerous supporting exhibits. (ECF No. 33.) On July 26, 2011, the Court ordered service of the FAC. (ECF No. 35.) On July 29, 2011, Brenda M. Cash (Warden of California State Prison, Los Angeles County ("CSPLAC")), T. Belavich (Health Care Manager), Paullette Finander (Chief Medical Officer), Junard Fitter (Primary Care Provider), and J. Thomas (Licensed Vocational Nurse) (collectively "Defendants") filed an Answer to the FAC. (ECF No. 37.) On August 25, 2011, the Court issued its Order Re: Discovery and Motions. (ECF No. 40.)

On August 22, 2011, plaintiff filed Motion for Preliminary Injunction and/or Temporary Restraining Order, along with a supporting declaration and exhibits. (ECF Nos. 39, 43.) On November 8, 2011, the Court denied plaintiff's Motion. (ECF No. 44.)

On November 28, 2011, plaintiff filed a pleading entitled "Relief from Judgment or Order Re: Preliminary Injunction and Temporary Restraining Order (TRO)." (ECF No. 46.) Although plaintiff cites to Rule 60(b) of the Federal Rules of Civil Procedure in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-3829-CAS (OP)** | Date | **May 14, 2012** |
|---|---|---|---|
| Title | **Dominic Lucero v. B. M. Cash, et al.** | | |

support of his request, the specific relief he seeks in reconsideration of the Court's November 8, 2011, Order denying his Motion for Preliminary Injunction. (Id. at 4.) Thus, the Court construes plaintiff's filing as a Motion for Reconsideration under Local Rule 7-18 rather than a request under Rule 60(b).

## II.
## Discussion

The Local Rules of this Court provide in pertinent part that:
> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. R. 7-18.

In the Order denying plaintiff's Motion for a Preliminary Injunction, the Court noted as to the likelihood of success on the merits of his deliberate indifference claim that:
> Plaintiff's allegations establish that he has suffered and is likely to continue to suffer injury if his pain medication is discontinued. *However, there is no indication that plaintiff's medication, albeit at the lower dosage, is currently being discontinued.* Further, the exhibits attached to the FAC, which are referenced in the current Motion, i.e., Exs. C and G, establish that plaintiff filed administrative grievances seeking his previously prescribed 90 milligram daily dosage of morphine, which were denied on December 15, 2009, and April 27, 2010, after prison officials

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-3829-CAS (OP)** | Date | **May 14, 2012** |
|---|---|---|---|
| Title | **Dominic Lucero v. B. M. Cash, et al.** | | |

> determined that he was being prescribed the appropriate medication for his condition and that his condition was being closely monitored by medical staff (Ex. C at unnumbered pp.), and that on June 23, 2010, in response to a state habeas petition plaintiff filed, the CDCR Receiver wrote a letter to a superior court judge indicating that a "Corrective Action Plan" had been developed to monitor plaintiff's pain management (Ex. G). As a result, the exhibits establish that plaintiff is being regularly monitored for pain and is being prescribed pain medication.

(ECF No. 44 at 4 (emphasis added).) Thus, the Court found that plaintiff had not demonstrated a likelihood of success on his deliberate indifference claim to warrant the issuance of a preliminary injunction. (Id. at 4, 5.)

As to the issue of irreparable harm the Court noted that:
> Although plaintiff alleges he was denied his pain medication for twenty-four days upon his arrival at CSPLAC and later had his medication discontinued and reduced, *there is no indication that his medication, albeit at the lower dosage, is currently being discontinued.*

(Id. at 6 (emphasis added).) Thus, the Court found that plaintiff had not demonstrated a likelihood that he will suffer irreparable harm to warrant the issuance of a preliminary injunction. (Id. at 7.)

In his current Motion for Reconsideration, plaintiff contends that the Court overlooked that the lower medication regimen had in fact been discontinued. As a result, he contends that the aforementioned statements are inaccurate. (ECF No. 46 at 2, 3 (citing ECF No. 43 at 5).) Plaintiff relies in part on the petition for review he filed in the California Supreme Court, case number S188336, to support his claim that his medication has been discontinued. The petition was filed on November 19, 2010, and denied on January 19, 2011. (ECF No. 33 Exs. J, K; Official Records of California Courts.[1])

---

[1] The Court's independent review of the California Courts' website reveals that Plaintiff filed a petition for review in the California Supreme Court on November 19, 2010, case number S188336, raising the issue of Defendants' alleged deliberate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3829-CAS (OP) | Date | **May 14, 2012** |
|---|---|---|---|
| Title | **Dominic Lucero v. B. M. Cash, et al.** | | |

However, neither the petition for review nor any of the other exhibits attached to the FAC support plaintiff's claim that his medication had been discontinued as of August 22, 2011, the filing date of his Motion for Preliminary Injunction.

     Based on the foregoing, the Court finds that plaintiff has failed to establish (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision; (b) the emergence of new material facts or a change of law occurring after the time of such decision; or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. C.D. Cal. R. 7-18. Thus, the denial of plaintiff's Motion for Reconsideration is warranted.

### III.
### Conclusion

     Based on the foregoing, the Court denies plaintiff's Motion for Reconsideration. (ECF No. 46.)

     **IT IS SO ORDERED.**

00:00

| | Initials of Preparer | CMJ |
|---|---|---|

cc: All Parties of Record

---

indifference to Plaintiff's serious medical needs. On January 19, 2011, the supreme court denied the petition without comment. The Court takes judicial notice of the state appellate court records for Plaintiff's case, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal civil proceedings).